I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
by: L.C. Santos
Deputy Clerk
Date: 04 October 2016

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                    MDL No. 2741

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the *Giglio* and *Hardeman* actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Illinois. This litigation consists of twenty-one actions pending in fourteen districts, as listed on Schedule A. The actions allege that Roundup, a widely used glyphosate-based herbicide manufactured by Monsanto Company, can cause non-Hodgkin's lymphoma and that Monsanto failed to warn consumers and regulators about the alleged risks of Roundup. Since the filing of the motion, the parties have notified the Panel of another sixteen related actions pending in twelve districts.[1]

All responding plaintiffs support centralization, but suggest different transferee districts. Plaintiffs in three actions and a potential tag-along action support centralization in the Southern District of Illinois. Plaintiffs in another three actions propose centralization in the Central District of California. Plaintiffs in one action suggest centralization in the Southern District of Illinois, the Central District of California, or the Eastern District of California. Plaintiffs in five actions suggest instead centralization in the District of Hawaii. Plaintiff in one action does not oppose the Southern District of Illinois, but suggests that the Eastern District of Louisiana is a more appropriate transferee district. Finally, plaintiff in one potential tag-along action suggests centralization in the Northern District of Illinois. Various plaintiffs alternatively support the Central District of California, the District of Hawaii, or the Southern District of Illinois.

Defendant Monsanto Company opposes centralization. Should the Panel centralize this litigation over Monsanto's objections, it alternatively proposes centralization in the Northern District of California, the Southern District of California, or the Southern District of Florida. Monsanto's primary arguments against centralization are that: (1) individualized facts concerning each plaintiff's case, such as the nature of plaintiff's exposure, the formulation of Roundup to which plaintiff was exposed, and the specific type of non-Hodgkins' lymphoma plaintiff developed, will predominate over common factual issues; and (2) informal coordination and cooperation among the involved parties and courts are preferable to centralization. We are not persuaded by either argument.

There undoubtedly are some individualized factual issues presented by these actions, but they do not negate the efficiencies to be gained by centralization. Regardless of the particular formulation

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

of Roundup at issue (all of which employ glyphosate as the active ingredient), or the nature of plaintiff's exposure to glyphosate, all the actions entail an overarching query—whether glyphosate causes non-Hodgkin's lymphoma in persons exposed to it while using Roundup. Monsanto itself implicitly acknowledges the predominance of this common question as it has moved in a number of the underlying actions to bifurcate discovery to address general causation issues before plaintiff-specific ones. In any event, almost all personal injury litigation involves plaintiff-specific questions of causation and damages. Those differences are not an impediment to centralization when common questions of fact are multiple and complex, as they are here. *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402, 1404 (J.P.M.L. 2014). When discovery and other pretrial proceedings related to the common issues have been completed, the transferee judge may suggest Section 1407 remand of the actions to their transferor courts for more individual discovery and trial, if necessary. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011).

Turning to Monsanto's second argument, we conclude that informal coordination among the involved courts and counsel is not practicable in this instance. Including the potential tag-along actions, there are now thirty-seven actions pending in twenty-one districts. More than ten different law firms represent plaintiffs in these actions, which are spread across the country. Even if no additional actions are filed, the present number of cases, districts, and involved counsel, as well as the complexity of the issues presented, warrants centralization.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. Plaintiffs each allege that they or their decedents developed non-Hodgkin's lymphoma after using Roundup over the course of several or more years. Plaintiffs also allege that the use of glyphosate in conjunction with other ingredients, in particular the surfactant polyethoxylated tallow amine (POEA), renders Roundup even more toxic than glyphosate on its own. Issues concerning general causation, the background science, and regulatory history will be common to all actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice); and conserve the resources of the parties, their counsel, and the judiciary.

We select the Northern District of California as the appropriate transferee district for this litigation. Two of the earliest-filed and most procedurally advanced actions are pending in this district. The Northern District of California is both convenient and easily accessible for all parties, and we are convinced that the district has the necessary judicial resources and expertise to efficiently manage this litigation. Furthermore, centralization in this district allows us to assign this litigation to the Honorable Vince Chhabria, a skilled jurist who has not yet had the opportunity to preside over an MDL.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                     MDL No. 2741

## SCHEDULE A

<u>Central District of California</u>

MCCALL v. MONSANTO COMPANY, C.A. No. 2:16-01609
HERNANDEZ, ET AL. v. MONSANTO COMPANY, C.A. No. 2:16-01988
JOHANSING v. MONSANTO COMPANY, C.A. No. 2:16-05035
SANDERS, ET AL. v. MONSANTO COMPANY, C.A. No. 5:16-00726

<u>Eastern District of California</u>

MENDOZA v. MONSANTO COMPANY, C.A. No. 1:16-00406

<u>Northern District of California</u>

HARDEMAN v. MONSANTO COMPANY, ET AL., C.A. No. 3:16-00525
STEVICK, ET AL. v. MONSANTO COMPANY, C.A. No. 3:16-02341

<u>Southern District of California</u>

GIGLIO v. MONSANTO COMPANY, ET AL., C.A. No. 3:15-02279

<u>Southern District of Florida</u>

RUIZ, ET AL. v. MONSANTO COMPANY, C.A. No. 9:16-80539

<u>District of Hawaii</u>

SHEPPARD, ET AL. v. MONSANTO COMPANY, C.A. No. 1:16-00043
JOHNSON v. MONSANTO COMPANY, C.A. No. 1:16-00075

<u>Northern District of Illinois</u>

GIBBS v. MONSANTO COMPANY, C.A. No. 1:16-07588

<u>Southern District of Illinois</u>

BRIDGEMAN v. MONSANTO COMPANY, C.A. No. 3:16-00812
HARRIS v. MONSANTO COMPANY, ET AL., C.A. No. 3:16-00823
PATTERSON v. MONSANTO COMPANY, C.A. No. 3:16-00825

-A2-

    <u>Western District of Kentucky</u>

MEANS v. MONSANTO COMPANY, C.A. No. 5:16-00112

    <u>Eastern District of Louisiana</u>

WORK v. RAGAN AND MASSEY, INC., ET AL., C.A. No. 2:16-07491

    <u>District of Massachusetts</u>

SCHEFFER v. MONSANTO COMPANY, C.A. No. 1:16-11489

    <u>Northern District of Mississippi</u>

COUEY v. MONSANTO COMPANY, C.A. No. 4:16-00149

    <u>District of Nebraska</u>

DOMINA, ET AL. v. MONSANTO COMPANY, C.A. No. 4:16-03074

    <u>Western District of Wisconsin</u>

PORATH v. MONSANTO COMPANY, C.A. No. 3:16-00518